UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| MACY MARTIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| ABUBAKAR AITQ DURRANI, M.D.; | ) | |
| CENTER FOR ADVANCED SPINE | ) | Removed from Boone Circuit |
| TECHNOLOGIES, INC; | ) | Court No. 14-CI-530 |
| UC HEALTH, INC.; | ) | |
| WEST CHESTER HOSPITAL, | ) | |
| | ) | *Electronically Filed* |
| DEFENDANTS. | ) | |
| | ) | |

**NOTICE OF REMOVAL BY DEFENDANTS UC HEALTH, INC. AND WEST CHESTER HOSPITAL**

In accordance with 28 U.S.C. § 1446(a) and (b)(3), Defendants UC Health, Inc. and West Chester Hospital, by and through legal counsel, hereby seek removal of the case entitled *Macy Martin v. Abubakar Aitq Durrani, M.D.*, Case No. 14-CI-530 from Boone Circuit Court in Boone County, Kentucky to the United States District Court for the Eastern District of Kentucky, Covington Division.

This action is a negligence suit in which Plaintiff Macy Martin seeks to recover damages from the Defendants for injuries she allegedly suffered due to surgeries performed by Dr. Durrani at West Chester Hospital. Martin filed suit in Boone Circuit Court against Defendants UC Health, Inc. and West Chester Hospital, and other defendants on April 3, 2014.[1] At the time of filing, Martin stated in the caption of her Complaint that her current residence was based in Ohio.[2] Plaintiff further alleged in her Complaint that:

---

[1] A certified copy of the state-court record is attached as Ex. A to this Notice.
[2] *See* Ex. A; Complaint.

At all times relevant, Plaintiff Macy Martin *was* a Kentucky resident of and domiciled in Boone County, Kentucky.[3]

On May 29, 2014, Martin's counsel sent counsel for UC Health and West Chester Hospital an email indicating, for the first time, that Martin mistakenly listed an Ohio address as her place of residence.[4] Martin's counsel further indicated that an Amended Complaint correcting this defect would be filed. To date, no such Amended Complaint has been filed. At the time of filing the original Complaint, removal would not be permissible because there was no diversity jurisdiction. But in accordance with 28 U.S.C. § 1446(b)(3), this Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because complete diversity among the parties now exists. 28 U.S.C. § 1446(b)(3), in part, provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable.**

28 U.S.C. § 1446(b)(3) (emphasis added).

UC Health and West Chester Hospital are corporations organized under Ohio law.[5] Dr. Durrani is a citizen of Ohio.[6] The remaining defendant, Center for Advanced Spine Technologies, is also a corporation organized under Ohio law.[7] Based upon Martin's legal

---

[3] *See* Pl.'s Compl. at ¶1 (emphasis added).

[4] *See* Ex. B.

[5] *See* Kentucky Secretary of State, Online Services, https://app.sos.ky.gov/ftshow/(S(sbomb4csizjvwil3dhh2ae2x))/default.aspx?path=ftsearch&id=0847328&ct=09&cs=99999 (last accessed on May 14, 2014); *see also* Ohio Secretary of State Business Filing Portal, http://www2.sos.state.oh.us/pls/bsqry/f?p=100:7:0::NO:7:P7_CHARTER_NUM:1955095 (last accessed on May 14, 2014).

[6] *See* Ohio License Center, https://license.ohio.gov/Lookup/SearchDetail.asp?ContactIdnt=2960606&DivisionIdnt=78&Type=L (last accessed on May 14, 2014).

[7] CAST is now known as the Center for Advanced Spine Technologies, Corp. *See* Kentucky Secretary of State, Online Services, https://app.sos.ky.gov/ftshow/(S(ewpc0wolzo35xotm p1l1vxnb))/default.aspx?path=ftsearch&id=0869890&ct=09&cs=99999 (last accessed on May 14, 2014). This Court can take judicial notice of this fact under Fed. R. Evid. 201. *See, e.g.*, *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government

counsel's representation in the May 29, 2014 email, Martin is a resident of Boone County, Kentucky. Thus, the allegations in Martin's Complaint and the aforementioned email satisfy the diversity of citizenship requirement for this Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).

Although the Complaint does not contain a specified amount of damages, the second requirement for diversity jurisdiction, the amount of controversy, is likely satisfied because Martin seeks damages for past and future medical bills, lost wages and benefits, lost future wages and benefits, past and future pain and suffering, consequential damages, and punitive damages. *See Suwala v. Progressive Insurance Co.*, No. Civ.A.2005-135, 2005 WL 2076490, at *2 (E.D. Ky. Aug. 25, 2005) ("[T]he burden of proof applicable removal/remand situations where there is no specified amount that is in controversy and no provision in the complaint limiting the damages amount to less than the amount in controversy requirement, is the 'preponderance of evidence' standard, otherwise stated as the 'more likely than not' standard."); *see also* [Pl.'s Compl. at ¶¶52-53.]

Even without knowing the precise amount of Martin's damages, the fact that she seeks damages for pain and suffering and punitive damages should lead this Court to exercise jurisdiction. In *Fenton v. Speedway, LLC*, Civil Action No. 5:13-063-DCR, 2013 WL 2422877, at *2 (E.D. Ky. June 3, 2013), this Court found that based on a reasonable multiplier for damages for pain and suffering, it is reasonable to assume that plaintiffs will seek damages exceeding $75,000.00. In reaching that conclusion, this Court adopted the analysis in *Fisher v. May*, Civil Action No. 3:11-CV-00592, at *2 (W.D. Ky. May 31, 2012), in which the district court in that case noted that Kentucky appellate courts have upheld awards for pain and suffering up to 30

---

documents, including those available from reliable sources on the Internet."); *see also id*. (collecting cases).

times the plaintiff's actual medical expenses. *See id.*; *see also Fisher*, at *2 (collecting Kentucky authority).

Martin's request for punitive damages also requires this Court to consider the possible multiplier she could receive for those specific damages should this case go to trial. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."). The U.S. Supreme Court has embraced a punitive-to-compensatory damages ratio near 4 to 1, and has not expressly ruled out the possibility of higher single-digit multipliers. *See State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003). Thus, even if Martin recovers a comparatively minimal amount of compensatory damages – for example, $10,000 – a 5 to 1 ratio applied to her request for pain and suffering, in addition to a 4 to 1 ratio applied to her request for punitive damages, could easily push her claim pass the $75,000 threshold under 28 U.S.C. § 1332(a).

For the foregoing reasons, UC Health, Inc. and West Chester Hospital remove this action from the Boone Circuit Court and request that further proceedings be conducted in this Court in accordance with 28 U.S.C. § 1332(a). UC Health, Inc. and West Chester Hospital have simultaneously filed this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Kentucky and a Notice of Filing of Notice of Removal with the Circuit Court Clerk of the Boone Circuit Court as required by 28 U.S.C. § 1446(d).

Respectfully submitted,


/s/ Junis L. Baldon_____
Bill J. Paliobeis
Walt Haggerty
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel. (513) 651-6119
Fax (513) 651-6981
Email: bpaliobeis@fbtlaw.com

and

Junis L. Baldon
FROST BROWN TODD
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Tel. (502) 589-5400
Fax (502) 581-1087
Email: jbaldon@fbtlaw.com

*Counsel for Defendants*
*West Chester Hospital and UC Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on June 24, 2014 through the CM/ECF System for the United States District Court for the Eastern District of Kentucky. I hereby further certify that on June 24, 2014, the foregoing document was also served electronically through this Court's CM/ECF System. The foregoing document has also been served in the United States Mail with sufficient postage prepaid, this 24th day of June 2014, upon:

Paul J. Schachter, Esq.
SCHACHTER, HENDY & JOHNSON, PSC
909 Wright's Summit Parkway
Suite No. 210
Ft. Wright, KY 41011
*Counsel for Plaintiff Macy Martin*

Justin A. Fortner, Esq.
526 Greenup Street
Covington, KY 41011
*Warning Order Attorney for*
*Defendant Abubakar Atiq Durrani, M.D.*

Circuit Court Clerk
Boone County Justice Center
6025 Rogers Lane, Room 141
Burlington, KY 41005

Center for Advanced Spine Technologies, Inc.
Mr. Gregory A. Bacon, Registered Agent
6905 Burlington Pike
Florence, KY 41042

/s/ Junis L. Baldon
*Counsel for Defendants*
*West Chester Hospital and UC Health, Inc.*

C:\Users\14632\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\T6P75NX4\Martin-Durrani - Notice of Removal - 4847-5499-5227 1.doc