# EXHIBIT  A

| AOC- 060<br>Rev. 12-10<br>Page 1 of 1 |  | Case No. 14-CI-00530 |
|---|---|---|
| | | Court Circuit |
| Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov | **CERTIFICATION OF<br>COURT RECORDS** | County Boone |

MACY                                              MARTIN                          PLAINTIFF/PETITIONER

VS.

ABUBAKAR                      AITQ              DURRANI, M.D., ET AL            DEFENDANT/RESPONDENT

I, DIANNE MURRAY                                                                                                    ,

Clerk of the Circuit                                    Court, do certify that the following are true and correct copy(s) of the:

FILE OF MACY MARTIN VS ABUBAKAR AITQ DURRANI, M.D., ET AL, CASE NUMBER
14-CI-00530.

IN TESTIMONY WHEREOF, witness my hand as Clerk aforesaid, JUNE                        24      , 2014  .

DIANNE MURRAY                            Clerk

By:                                      D.C.

# Case History

Generated: 06/24/2014 10:49:03AM

## MARTIN, MACY  VS. DURRANI,M.D., ABUBAKAR AITQ , ET AL
### Case# 14-CI-00530

| | | |
|---|---|---|
| County | BOONE | |
| Court | CIRCUIT Court | |
| Opening Judge | HON. JAMES R. SCHRAND | |
| Current Judge | | |
| Closing Judge | | Page # |

| | | |
|---|---|---|
| 04/03/2014 | **Case Filed**<br>PERSONAL INJURY | |
| 04/03/2014 | **Document Filed**<br>COMPLAINT / PETITION<br>AP<br>*WITH JURY DEMAND PAID 04-04-2014* | |
| 04/03/2014 | **Document Filed**<br>INTERROGATORIES & REQUEST FOR PRODUCTION OF<br>DOCUMENTS<br>AP<br>*PROPOUNDED TO DEFENDANT, WEST CHES TER MEDICAL CENTER BY PLAINTIFF,MA CY MARTIN<br>FIRST SET OF INTERROGAT ORIES* | |
| 04/03/2014 | **Summons Filed  - CENTER FOR**       @00000253619<br>**ADVANCED SPINE TECH**<br>CERTIFIED MAIL<br>*SERVE: GREGORY A. BACON,RA 6905 BU RLINGTON PIKE FLORENCE,KY 41042<br>7 416 0151  RTND 04-08-2014<br>NOT D ELIVERABLE AS ADDRESSED  RTS*<br><br>*RT ND NOT SRVD 5-9-14, UNABLE TO FORW ARD* | |
| 04/03/2014 | **Summons Filed  - U.C.**       @00000253621<br>**HEALTH,INC.,**<br>CERTIFIED MAIL<br>*GH&R BUSINESS SERVICES,INC. 511 WA LNUT STR. 1900 FIFTH THIRD CENTER  CINCINNATI,OHIO 45202<br>7416 0144* | |
| 04/03/2014 | **Summons Filed  - WEST CHESTER**       @00000253623<br>**HOSPITAL,**<br>CERTIFIED MAIL<br>*7416 0168 SERVE: GH&R BUSINESS SER VICES,INC 511 WALNUT STR.  1900 FI FTH THIRD CENTER<br>CINCINNATI,OHIO 4 5202* | |
| 04/03/2014 | **Document Filed**<br>AFFIDAVIT FOR WARNING ORDER ATTORNEY<br>AP<br>*FOR DEFENDANT ABUBAKAR AITQ DURRAN I,M.D.* | |
| 04/03/2014 | **Document Filed**<br>APPOINTMENT OF WARNING ORDER ATTORNEY<br>AP<br>*JUSTIN ANTHONY FORTNER WOA FOR ABU BAKAR AITQ DURRANI* | |
| 04/07/2014 | **Summons Served/Recalled - U.C.**       @00000253621<br>**HEALTH,INC.,**<br>CERTIFIED MAIL<br>*GH&R BUSINESS SERVICES,INC. 511 WA LNUT STR. 1900 FIFTH THIRD CENTER  CINCINNATI,OHIO 45202<br>7416 0144* | |
| 04/07/2014 | **Summons Served/Recalled - WEST**       @00000253623<br>**CHESTER HOSPITAL,**<br>CERTIFIED MAIL<br>*7416 0168 SERVE: GH&R BUSINESS SER VICES,INC 511 WALNUT STR.  1900 FI FTH THIRD CENTER<br>CINCINNATI,OHIO 4 5202* | |

## MARTIN, MACY   VS. DURRANI,M.D., ABUBAKAR AITQ , ET AL
### Case# 14-CI-00530

County  BOONE
Court  CIRCUIT Court
Opening Judge  HON. JAMES R. SCHRAND
Current Judge
Closing Judge                                                                                              Page #

| 04/14/2014 | **Document Filed**<br>**RETURN OF SERVICE**<br>AD<br>*FIRST SET OF INTERROGATORIES AND R EQUESTS FOR PRODUCTION OF DOCUMENT S PROPOUNDED TO DEFENDANT, WEST CH ESTER MEDICAL CENTER BY PLAINTIFF, MACY MARTIN WEST CHESTER HOSPITAL  7416 9895* | |
| 04/18/2014 | **Document Filed**<br>**RETURN OF SERVICE**<br>AD<br>*FIRST SET OF INTERROGATORIES AND R EQUESTS FOR PRODUCTION OF DOCUMENT S PROPOUNDE TO DEFENDANT, WEST CHE STER MEDICAL CENTER BY PLAINTIFF,  MACY MARTIN UC HEALTH 7416 9871* | |
| 04/29/2014 | **Document Filed**<br>REPORT OF WARNING ORDER ATTORNEY<br>**WOA**<br>*AMENDED*<br>*WOA JUSTIN ANTONY FORTNER* | |
| 05/19/2014 | **Document Filed**<br>**ORDER - AGREED**<br>JUD<br>*FOR EXTENSION OF TIME UP TO AND IN CLUDING 5-23-14,  FOR DEFENDANTS W EST CHESTER HOSPITAL AND UC HEALTH  TO ANSWER COMPLAINT* | |
| 05/19/2014 | **NOE to All Counsel of Record and**<br>**Parties Not Represented by Counsel.**<br>**ORDER - AGREED**<br>**FIRST CLASS MAIL**<br>*FOR EXTENSION OF TIME UP TO AND IN CLUDING 5-23-14,  FOR DEFENDANTS W EST CHESTER HOSPITAL AND UC HEALTH  TO ANSWER COMPLAINT* | |
| 05/21/2014 | **Document Filed**<br>**ANSWER**<br>AD<br>*OF DEFENDANTS WEST CHESTER HOSPITA L LLC & UC HEALTH TO COMPLAINT* | |
| 06/02/2014 | **Document Filed**<br>MAIL RETURNED UNDELIVERED<br>*CENTER FOR ADVANCED SPINE TECH- UN ABLE TO FORWARD* | |



DIANNE MURRAY
CIRCUIT COURT CLERK
BOONE CIRCUIT & DISTRICT COURTS
BOONE COUNTY JUSTICE CENTER
6025 ROGERS LANE
BURLINGTON, KENTUCKY 41005

CI 14-CI-00530
654281



FILED
BOONE CIRCUIT/DISTRICT COURT

JUN 0 2 2014

BY:_____
DIANNE MURRAY/CLERK
_____D.C.

CENTER FOR ADVANCED SPINE TECH
GREGORY A. BACON
6905 BURLINGTON PIKE
FLORENCE KY 4104

NIXIE          430      1E   1009          0005/29/14

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC:     41005314999          *1815-00127-28-39









CINCINNATI

U.S. POSTAGE >> PITNEY BOWES

ZIP 41005  $ 000.48⁰
02 1W
0001375976 MAY 20 2014



14-C1-530

FILED
BOONE CIRCUIT/DISTRICT COURT

MAY 0 9 2014

DIANNE MURRAY, CLERK
BY:_____D.C.

CERTIFIED MAIL

7013 2630 0001 7416 9888

Gregory Bacon
6405 Burlington Pike
Florence, KY

NIXIE        430    CC 1

NOT DELIVERABLE AS ADDRESSED
RETURN TO SENDER
UNABLE TO FORWARD

*0746-05678-26-27        02 94/26/14

U.S POSTAGE >> PITNEY BOWES

ZIP 41005   $ 006.90°
02 1W
0001315976 APR 08 2014





COMMONEALTH OF KENTUCKY
BOONE CIRCUIT COURT, III DIVISION
CASE NO. 14-CI-530

FILED
BOONE CIRCUIT/DISTRICT COURT
MAY 2 1 2014
DIANNE MURRAY, CLERK
BY:_____D.C.

MACY MARTIN                                                    PLAINTIFF

VS.
                                                              DEFENDANTS

ABUBAKAR ATIQ DURRANI, et al.,


## ANSWER OF DEFENDANTS WEST CHESTER HOSPITAL LLC AND UC HEALTH

Come now the Defendants West Chester Hospital, LLC and UC Health ("Defendants"), by
and through counsel, and for their Answer to Plaintiff Macy Martin's ("Plaintiff") Complaint state
and aver as follows:

### FIRST DEFENSE

1.      Defendants are without sufficient knowledge to form a belief as to the truth of the
allegations set forth in Paragraph 1.

2.      The allegations contained in Paragraphs 2 and 3 are not directed at these answering
Defendants and thus no response is required.

3.      Defendants admit that UC Health was a licensed corporation and that West Chester
Hospital was a member of UC Health. Defendants deny the remaining allegations contained in
Paragraph 4.

4.      Defendants acknowledge that West Chester Hospital was a limited liability company
authorized to transact business in the State of Ohio under the name "West Chester Hospital."
Defendants deny the remaining allegations contained in Paragraph 5.

5.      Defendants admit that UC Health transacts business in Kentucky, but denies the
remaining allegations in Paragraphs 6 and 7.

6. Defendants admit that West Chester Hospital is a hospital that provides competent and qualified nursing services, care and treatment by and through its nurse, employees and medical staff. Defendants deny the remaining allegations contained in Paragraph 8.

7. Defendants deny the allegations in Paragraph 9.

8. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 10, 11, and 12.

9. To the extent the allegations contained in Paragraph 13 are consistent with the medical records, said allegations are admitted. To the extent they are not, said allegations are denied.

10. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 14, 15, 16, and 17.

11. The allegations contained in Paragraphs 18 through 22 do not pertain to these Defendants. To the extent a response is required by these Defendants, said allegations are denied.

12. In response to Paragraph 23, Defendants incorporate their responses to each and every allegation in the paragraphs above.

13. Paragraph 24 contains no factual allegations and therefore does not require a response. To the extent a response may be required, Defendants deny the allegations of Paragraph 24.

14. Defendants deny the allegations contained in Paragraph 25.

15. In response to Paragraph 26, Defendants admit a duty to provide care by and through its employees within the standard of care applicable under like or similar circumstances. To the extent the allegations set forth in the Complaint said Defendants deny same.

16. Defendants deny the allegations contained in Paragraph 27.

2

17.     The allegations contained in Paragraphs 28 through 31 do not pertain to these Defendants. To the extent a response is required by these Defendants, said allegations are denied.

18.     In response to Paragraph 32, Defendants incorporate their responses to each and every allegation in the paragraphs above.

19.     Paragraphs 33 and 34 contain no factual allegations and therefore do not require a response. To the extent a response may be required, Defendants deny the allegations of Paragraphs 33 and 34.

20.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 35.

21.     In response to Paragraph 36, Defendants deny that they had any duty to obtain Plaintiff's informed consent.

22.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 37 and 38 and said allegations are therefore denied

23.     In response to Paragraph 39, Defendants incorporate their responses to each and every allegation in the paragraphs above.

24.     Defendants deny the allegations contained in Paragraphs 40, 41, 42, 43, 44, 45, 46, and 47.

25.     In response to Paragraph 48, Defendants incorporate their responses to each and every allegation in the paragraphs above.

26.     Defendants deny the allegations contained in Paragraphs 49, 50, and 51.

27.     In response to Paragraph 52, Defendants incorporate their responses to each and every allegation in the paragraphs above.

28.     Defendants deny the allegations contained in Paragraph 53.

3

 

## SECOND DEFENSE

29.     The Complaint fails to state a claim upon which relief may be granted as to these answering Defendants, including, but not limited to, a failure to state a claim for negligence, fraud, negligent credentialing or negligent retention, lack of informed consent, civil conspiracy, joint venture, or punitive damages.

## THIRD DEFENSE

30.     The Complaint fails to join an indispensible party required for the just and complete adjudication of the claims.

## FOURTH DEFENSE

31.     The injuries and/or damages alleged in the Complaint, which are denied, are the result of a pre-existing condition and/or underlying pathology. Accordingly, the alleged acts and/or omissions of these answering Defendants are not the proximate cause of Plaintiff' alleged injuries and/or damages; nor may said injuries and/or damages be attributed, in whole or in part, to these Defendants.

## FIFTH DEFENSE

32.     If Plaintiff sustained injuries and/or damages as a result of the acts and/or omissions of any person, such injuries and/or damages are the result of acts and/or omissions of persons not under the direction, supervision and/or control of these answering Defendants and for whom Defendants are not liable.

## SIXTH DEFENSE

33.     Any injuries and damages as alleged are the result of an unforeseeable and untoward event and/or circumstance over which these answering Defendants had no control; and, as such, constitute an act of God for which these Defendants cannot be held liable.

4



### SEVENTH DEFENSE

34.     If Plaintiff suffered any injuries and/or damages as alleged, which allegations are denied, such injuries and/or damages are the result of a superseding intervening cause, thereby effectively eliminating any liability on the part of these Defendants.

### EIGHTH DEFENSE

35.     If Plaintiff suffered any injuries and/or damages due to the acts and/or omissions of any persons, which allegations are denied, Plaintiff knowingly, intelligently and voluntarily assumed the risk of such injuries and/or damages, thereby eliminating entirely or reducing proportionately any liability of these answering Defendants.

### NINTH DEFENSE

36.     Plaintiff has failed to mitigate the damages claimed herein.

### TENTH DEFENSE

37.     The Complaint as to these answering Defendants is barred by the applicable statute of limitations.

### ELEVENTH DEFENSE

38.     At all times relevant hereto, the care rendered to the Plaintiff by Defendants and their employees was provided according to accepted standards of care.

### TWELFTH DEFENSE

39.     This Court has no jurisdiction over these Defendants, and furthermore is not a proper venue for bringing this lawsuit against these Defendants. All services offered by these Defendants to Plaintiff, and all interactions between these Defendants and Plaintiff, occurred in Butler County, Ohio.

5

 

## THIRTEENTH DEFENSE

40.    Defendants hereby give notice that they intend to rely upon, utilize and assert any affirmative defenses that become apparent during the course of discovery and thereafter and, accordingly, reserve the right to amend their Answer to assert the same.

WHEREFORE, Defendants, West Chester Hospital LLC and UC Health, pray for judgment as follows:

1.    Plaintiff takes nothing by their action;

2.    The Counterclaim and Third Party Complaint be dismissed;

3.    Defendants be awarded costs incurred to date; and

4.    Any such additional relief as this Court may deem proper.

Respectfully submitted,

Bill J. Paliobeis (KY #87002)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel. (513) 651-6119
Fax (513) 651-6981
Email: bpaliobeis@fbtlaw.com
*Attorney for Defendants*
*West Chester Medical Center and*
*UC Health, Inc.*

 

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May 2014, a copy of the foregoing *Answer to*

*Complaint* was served upon the following via U.S. Regular Mail, postage paid:

Paul J. Schachter, Esq.  
SCHACHTER, HENDY & JOHNSON, PSC  
909 Wright's Summit Parkway  
Suite No. 210  
Ft. Wright, KY 41011  
*Attorney for Plaintiff*

Center for Advanced Spine Technologies, Inc.  
Mr. Gregory A. Bacon, Registered Agent  
6905 Burlington Pike  
Florence, KY 41042

Justin A. Fortner, Esq.  
526 Greenup Street  
Covington, KY 41011  
*Warning Order Attorney for*  
*Defendant Abubakar Atiq Durrani, M.D.*

*RLL Paliobeis*

Bill J. Paliobeis (KY #87002)  
FROST BROWN TODD LLC

0123682.0616707  4819-2575-1323v1

7




TENDERED
DATE: 5 - 13-2014
DIANNE MURRAY, CLERK
BOONE CIRCUIT CLERK

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRCUIT COURT**
**CASE NO. 14-CI-530**



**MACY MARTIN**                                                                                    **PLAINTIFF**

vs.

**ABUBAKAR ATIQ DURRANI, M.D., et al.**                                      **DEFENDANTS**

### AGREED ENTRY FOR EXTENSION OF TIME TO ANSWER
### PLAINTIFF'S COMPLAINT

The parties hereby agree that Defendants West Chester Hospital and UC Health, Inc.

shall have up to and including May 23, 2014 in which to answer Plaintiff's Complaint.

_____
JUDGE

_____5/15/2014_____
DATE

HAVE SEEN AND AGREE:

*/s/ Paul J. Schachter*
(*per email authorization 5/13/14*)
Paul J. Schachter (#61750)
Schachter, Hendy & Johnson, PSC
909 Wright's Summit Parkway
Suite No. 210
Ft. Wright, KY 41011
*Attorney for Plaintiff*

*/s/ Bill J. Paliobeis*
Bill J. Paliobeis (#87002)
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
*Attorney for Defendants West Chester*
*Hospital and UC Health*

FBT Law Documents 0123682.0616707   4845-5602-6907v1

I, DIANNE MURRAY, clerk of the Boone Circuit
Court, thereby certify that I have mailed a true and
foregoing copy and notice to all parties herein or
their last known addresses or their counsel of record
This ____ day of ____, 2014
DIANNE MURRAY
BOONE DISTRICT/CIRCUIT COURT
_____.D.C.



COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CASE NO. 18-CI-530
14



FILED
BOONE CIRCUIT/DISTRICT COURT
APR 29 2014
DIANNE MURRAY, CLERK
BY:_____D.C.

MACY MARTIN

PLAINTIFF

VS.

ABUBAKAR AITQ DURRANI, M.D., ET AL

DEFENDANTS

## AMENDED REPORT OF WARNING ORDER ATTORNEY

On or about April 3rd, 2014, Justin Anthony Fortner was appointed Warning Order Attorney for the Boone Circuit Court for the purpose of contacting Abubakar Aitq Durrani, M.D. of the pendency of the Medical Malpractice action filed by Macy Martin in which he has been named as Defendant. The Warning Order Attorney files the following Report.

1. That at all times he has been a member of the bar of this Court in good standing; and

2. He was appointed on or about April 3rd, 2014 by this Court in order to contact the above named Defendant at 4800 Bethany Road Mason, Ohio 45040-9821 and 4862 Maxwell Drive Mason, Ohio 45040-4619;

3. As a result of the appointment the undersigned used Internet directories including Google to determine the current address of Abubakar Aitq Durrani, M.D. No alternative address was found.

1



4. Letters were sent to Abubakar Aitq Durrani, M.D. at the following addresses: (1) 4800 Bethany Road Mason, Ohio 45040-9821 and (2) 4862 Maxwell Drive Mason, Ohio 45040-4619.

5. The letter sent to 4800 Bethany Road Mason, Ohio 45040-9821 was not returned by the US Post Office and this attorney assumes it was delivered as addressed. Attached herein is a copy of the letter sent.

6. The letter sent to 4862 Maxwell Drive Mason, Ohio 45040-4619 was returned marked "Moved left no address, unable to forward, return to sender." Attached herein is a copy of the letter sent.

7. There has been no contact from Abubakar Aitq Durrani, M.D. or any person who may have an interest in the subject matter of this action.

8. This Warning Order Attorney knows of no defenses which may be asserted by Defendant.

9. Therefore, this Warning Order Attorney requests the following:

A. That he be paid a reasonable fee for his services herein; and

B. He be discharged from any further service as a result of his appointment herein; and

C. Plaintiff be given any and all relief to which they may appear entitled.

Respectfully submitted,

Justin A. Fortner #95551
Warning Order Attorney
526 Greenup Street
Covington, Kentucky 41011
859-491-1665

2

## CERTIFICATION

I hereby certify that I have mailed a true and accurate copy of the foregoing Warning Order Report to Paul J. Schachter, 909 Wright's Summit Parkway, Suite 210 Ft. Wright, Kentucky 41011 this 28th day of April 2014 by US Mail.

Justin A. Fortner

**Justin Fortner**
Attorney at Law
526 Greenup Street
Covington, Kentucky 41011
(859) 653-7626
Fax (859) 261-6567

April 4, 2014

Abubakar Aitq Durrani, M.D.
4800 Bethany Road
Mason, Ohio 45040-9821

Re: Macy Martin v. Abubakar Aitq Durrani, M.D., et al; Boone Circuit Court; Case No.
14-CI-530

Dear Abubakar Aitq Durrani,

Please be advised that I have been appointed Warning Order Attorney by the
Clerk of the Boone Circuit Court on or about April 3, 2014 to notify Abubakar Aitq
Durrani, of the nature and pendency of the action filed by Macy Martin v. Abubakar
Aitq Durrani, M.D., et al. This is a Medical Malpractice action brought by Macy Martin.
The Complaint was filed on April 3, 2014. You were a named Defendant in the
Complaint.

Enclosed please find a copy of the Complaint.

Please note that pursuant to the law of the Commonwealth of Kentucky,
Abubakar Aitq Durrani has 50 days from April 3, 2014 within which to respond or
otherwise appear in this action. Failure to respond could result in the Court granting
the relief for which the Plaintiff is requesting.

If you have any questions concerning this, please feel free to contact me, or an
attorney of your choice.

Sincerely,

Justin Fortner

encl.

Justin Fortner
Attorney at Law
526 Greenup Street
Covington, Kentucky 41011
(859) 653-7626
Fax (859) 261-6567

April 4, 2014

Abubakar Aitq Durrani, M.D.
4862 Maxwell Drive
Mason, Ohio 45040-4619

Re: Macy Martin v. Abubakar Aitq Durrani, M.D., et al; Boone Circuit Court; Case No. 14-CI-530

Dear Abubakar Aitq Durrani,

Please be advised that I have been appointed Warning Order Attorney by the Clerk of the Boone Circuit Court on or about April 3, 2014 to notify Abubakar Aitq Durrani, of the nature and pendency of the action filed by Macy Martin v. Abubakar Aitq Durrani, M.D., et al. This is a Medical Malpractice action brought by Macy Martin. The Complaint was filed on April 3, 2014. You were a named Defendant in the Complaint.

Enclosed please find a copy of the Complaint.

Please note that pursuant to the law of the Commonwealth of Kentucky, Abubakar Aitq Durrani has 50 days from April 3, 2014 within which to respond or otherwise appear in this action. Failure to respond could result in the Court granting the relief for which the Plaintiff is requesting.

If you have any questions concerning this, please feel free to contact me, or an attorney of your choice.

Sincerely,

Justin Fortner

encl.

DURR862 450405039-1314
DURRANT RETURN TO SENDER
MOVED LEFT NO ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER 04/09/14

UNITED STATES
POSTAL SERVICE





**SENDER: COMPLETE THIS SECTION**

■ Complete Items 1, 2, and 3. Also complete
   Item 4 If Restricted Delivery Is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to: 14 CJ-530
   UC Health

   FILED
   BOONE CIRCUIT/DISTRICT COURT
   APR 08 2014
   DIANNE MURRAY, CLERK
   BY:_____ D.C.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X_____

B. Received by (Printed Name)      C. De

D. Is delivery address different from Item 1?
   If YES, enter delivery address below:
   STATION
   APR 07 2014

3. Service Type
   ☑ Certified Mail☑ ☐ Priority Mail Expre
   ☐ Registered    ☐ Return Receipt for
   ☐ Insured Mail   ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)

2. Article Number
   (Transfer from service label)
   7013 2630 0001 7416 0144

PS Form 3811, July

---

**SENDER: COMPLETE THIS SECTION**

■ Complete Items 1, 2, and 3. Also complete
   Item 4 If Restricted Delivery Is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to: 14 CJ-530
   West Chester Hospital

   FILED
   BOONE CIRCUIT/DISTRICT COURT
   APR 08 2014
   DIANNE MURRAY, CLERK
   BY:_____ D.C.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X_____

B. Received by (Printed Name)      C. D

D. Is delivery address different from Item 1?
   If YES, enter delivery address below:
   APR 07 201

3. Service Type
   ☑ Certified Mail☑ ☐ Priority Mail Expr
   ☐ Registered    ☐ Return Receipt for
   ☐ Insured Mail   ☐ Collect on Deliver
4. Restricted Delivery? (Extra Fee)

2. Article Number
   (Transfer from service label)
   7013 2630 0001 7416 0168

PS Form 3811 July 20



14 · CI 530

BOONE CIRCUIT COURT

APR 0 8 2014

DIANNE MURRAY, CLERK
BY:_____D.C.



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 14-CI-330

Gregory Bacon

Centre for Science

Technology

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7013 2630 0001 7416 0151

PS Form 3811, July 2

| AOC-105          Doc. Code: CI | | Case No. | 4-CI-530 |
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | County | Boone |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | **CIVIL SUMMONS** | | |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

Macy                                          Martin

2430 Ohio Avenue, Apt. 309

Cincinnati                          Ohio                 45219

**VS.**

**DEFENDANT**

Center for Advanced Spine Technologies, Inc.


**Service of Process Agent for Defendant:**

Gregory                            A.              Bacon

6905 Burlington Pike

Florence                                    Kentucky              41042

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 4·3 , 2014

By: _____

7013 2630 0001 7416 0151

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or o

this _____ day of _____, 2_____.

Served by: _____

PS Form 3800, August 2006          See Reverse for Instructi

CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com™

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Sent To
Street, Apt No; or PO Box No.
City, State, ZIP+4
Postmark Here

AOC-105
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice   www.courts.ky.gov
CR 4.02; CR Official Form 1

Doc. Code: CI

**CIVIL SUMMONS**

Case No. 14-CI-530

Court ☑ Circuit ☐ District

County Boone

**PLAINTIFF**

Macy                                        Martin
2430 Ohio Avenue, Apt. 309

Cincinnati               Ohio           45219

**VS.**

**DEFENDANT**

UC Health, Inc.

**Service of Process Agent for Defendant:**

GH&R Business Services, Inc.

511 Walnut Street

1900 Fifth Third Center

Cincinnati                                    Ohio          45202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by an attorney on **your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 4-3 , 2014

By: _____

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or

this _____ day of _____, 2_____.

Served by: _____

7013 2630 0001 7416 0144

| AOC-105 Doc. Code: CI | | Case No. | 14-CI-530 |
| Rev. 1-07 | | Court | ✓ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | County | Boone |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | | |

**PLAINTIFF**

Macy                                               Martin

2430 Ohio Avenue, Apt. 309

Cincinnati                    Ohio              45219

**VS.**

**DEFENDANT**

West Chester Hospital

**Service of Process Agent for Defendant:**

GH&R Business Services, Inc.

511 Walnut Street

1900 Fifth Third Center

Cincinnati                                         Ohio                    45202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____4·3_____, 2014

By: _____

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or o

this _____ day of _____, 2_____.

Served by: _____

7013 2630 0001 7416 0168

CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

Postmark
Here

See Reverse for Instruc

| AOC-110<br>Rev. 4-01<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.05; 4.07 | Doc. Code: AWOA | **APPOINTMENT OF WARNING**<br>**ORDER ATTORNEY** | Case No. 14-CI-530<br><br>Court Civil - Circuit<br><br>County Boone Div. III |

Macy Martin

**PLAINTIFF**

VS.

Abubakar Atiq Durrani, M.D.

**DEFENDANT**

Not later than fifty (50) days after the date of this Order, the above-named Defendant is warned to appear and answer the Complaint/Petition of the above-named Plaintiff filed against him/her.

Justin Anthony Fortner
(Name of Attorney)

526 Greenup St.
(Address)

Cov. KY 41011

859-653-7626
(Phone number)

a regular practicing attorney of this Court, is appointed to correspond with the Defendant, and to inform him/her by mail concerning the pendency and nature of this action, and to file his/her report in the Clerk's office of this Court within fifty (50) days after the date of this Order.

4-3    2014

Diane Murray
_____ Clerk

By: _____ D.C.

Page 1 of 1

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
III DIVISION
CASE NO:  19·CI-530



BOONE CIRCUIT DISTRICT COURT

APR 0 3 2014

DIANNE MURRAY, CLERK
BY: _____ D.C.

Macy Martin                                                                            PLAINTIFF

vs.                              **AFFIDAVIT OF WARNING ORDER**

Abubakar Aitq Durrani, M.D., et al
DEFENDANTS

     After being first duly sworn and cautioned, Affiant states as follows:

1.  Affiant, Paul J. Schachter, states that he is the attorney for Macy Martin, and that
    Abubakar Atiq Durrani, M.D. ("Dr. Durrani"), a nonresident, whose last known
    addresses were 4862 Maxwell Drive, Mason, OH 45040-4619 and 4800 Bethany
    Road, Mason, OH 45040-9821, is an individual who current place of residence is
    unknown to Affiant and Plaintiff.

2.  Affiant believes that Dr. Durrani has fled the United States to avoid civil and criminal
    liability and that he may currently reside in Pakistan.

3.  Affiant states that further information regarding the whereabouts of Dr. Durrani are
    currently unknown to Affiant and Plaintiff.

FURTHER AFFIANT SAYETH NAUGHT.

Paul J. Schachter

COUNTY OF _Kenton_ :

STATE OF _Kentucky_ :                    SS

Sworn to and subscribed before me, a Notary Public, this _3rd_ day of March, 2014, by Paul Schachter.

Notary Public

My Commission Expires: _May 16, 2015_





COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
     HH   DIVISION
CASE NO: 14. CI-530



BOONE CIRCUIT CLERK COPY

APR 0 3 2014

DIANNE MURRAY, CLERK
BY: CU

MACY MARTIN                                 PLAINTIFF
2430 Ohio Avenue, Apt. 309
Cincinnati, OH 45219

vs.

ABUBAKAR ATIQ DURRANI, M.D.            DEFENDANTS

[CONSTRUCTIVE SERVICE VIA WARNING ORDER,
AFFIDAVIT ATTACHED]

And

CENTER FOR ADVANCED SPINE
TECHNOLOGIES, INC.

[SERVE VIA CERTIFIED MAIL]
Gregory A. Bacon, Registered Agent
6905 Burlington Pike
Florence, KY 41042
(Serve via Certified Mail)

And

UC HEALTH, INC.

[SERVE VIA CERTIFIED MAIL]
GH&R Business Services, Inc.
511 Walnut Street
1900 Fifth Third Center
Cincinnati, OH 45202

And



WEST CHESTER HOSPITAL

[SERVE VIA CERTIFIED MAIL]
GH&R Business Services, Inc.
511 Walnut Street
1900 Fifth Third Center
Cincinnati, OH 45202

## FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, WEST CHESTER MEDICAL CENTER BY PLAINTIFF, MACY MARTIN

Comes now the Plaintiff, Macy Martin, by and through counsel, and pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure, propound the following Interrogatories and Requests for Production upon Defendant, West Chester Medical Center, to be answered fully by said Defendant and under oath within forty-five (45) days after the service hereof. These are deemed continuing discovery requests, and any knowledge of the attorneys of the Defendant or any other agents of the Defendant shall be deemed to be knowledge of the Defendant.

Should there be no sufficient space to complete your answer you may complete it in sequence on a separate appendix to the Answers and identify it appropriately. **The word "you" as used herein refers to West Chester Medical Center, and/or its attorneys, agents, employees, investigators or other representatives.**



## INTERROGATORIES

1.    Please state the full name, residence, business address, title and position of all persons who assisted in the preparation of the answers to these Interrogatories and Requests for Production.

**ANSWER:**


2.    Please identify all persons known to you who have or may have discoverable matter pertaining to his lawsuit, giving the name, address and job classification of each such person identified and a brief description of the discoverable information they may have.

**ANSWER:**


3.    Please fully describe the name and corporate status of West Chester Medical Center from March 26, 2012, through present. Please include in your answer a full description of the nature of the relationship between West Chester Medical Center and UC Health.

**ANSWER:**


4.    For each physician, nurse, agent and/or employee of West Chester Medical Center who participated in the medical care and/or treatment of Macy Martin on or about March 26, 2012 through March 29, 2012, and any other dates from March 29, 2012, through present (collectively, the "Applicable Dates"), please state the name, address and job classification of each such person, and indicate the nature and scope of the person's participation or assistance.

**ANSWER:**



5.    Please fully describe the substance of each conversation that Macy Martin, or either of her parents, had with any physician, nurse, agent and/or employee of West Chester Medical Center regarding the treatment received at West Chester Medical Center on the Applicable Dates, including in your answer the date and time of each such conversation, and the names of each party to the conversation.

**ANSWER:**


6.    Please describe in detail the events leading up to and the circumstances under which Macy Martin was treated at West Chester Medical Center on the Applicable dates.

**ANSWER:**


7.    Please identify all tests that physicians, nurses, agent and/or employees of West Chester Medical Center performed or ordered to be performed on Macy Martin while she was under the care of West Chester Medical Center, including for each such test:

A. The name of the test that was ordered;

B. The name and address of the person who performed the test;

C. The date and time that the test was ordered;

D. The orders or instructions that were given to employees regarding the test; and

E. The reason(s) that the test was indicated for Macy Martin.

**ANSWER:**



8.    If you contend that any other person, firm or entity caused or contributed to Macy Martin's injuries, identify each person, firm or entity by name, address and employer, and state the reasons for your contentions.

**ANSWER:**

9.    Please state the name, job title and employment status of all employees and/or agents who were called in to assist in treatment of Macy Martin on the Applicable Dates.

**ANSWER:**

10.    Please identify and describe in detail any and all written or unwritten guidelines in effect March 29, 2012, including but not limited to:

A. Rules, bylaws, instructions, standing orders, clinical pathways, care plans, protocols, policies and/or procedures, and/or similar documents of West Chester Medical Center which were in existence on the Applicable Dates with regard to surgery, spinal surgery, pre-operative procedures;

B. Presence of third parties during medical procedures (e.g., agents of pharmaceutical or medical equipment companies;

C. Documentation and/or patient charting, use of implants during surgery;

D. Credentialing of physicians;

E. Delineation of privileges;

F. Loss of privileges;

G. Preparation of operative reports;

H. Supervision of physicians, including surgeons;

I.   Peer Review;

J.   Quality review, quality management, root cause analyses, and sentinel events.

If any of these have changes, since March 29, 2012, please include all versions in your answer and the date(s) of any change(s).

**ANSWER:**


11.     Please describe any documentation made or received by West Chester Medical Center's employees, agents, nurses and/or servants that is not contained in Macy Martin's medical records and/or medical charts regarding their treatment and/or the complications that occurred during or after the procedures performed on Macy Martin, and specify the location of and custodian of any such records.

**ANSWER:**


12.     Please state if there is any liability insurance in force that protects you from claims such as those involved in this action, and if so, please identify for each policy the name and address of the insurer, the type and number of the policy, the policy limits, the policy limits remaining available for the claims alleged in this action, and the name of the insured(s) under the policy.

**ANSWER:**


13.     Please provide the name, address and occupation of each expert witness that you expect to call at trial of this matter.  With each such expert that is listed, please provide the

subject on which the expert is expected to testify, the substance of the facts and opinion to which

the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


14.     Please describe in detail any and all exhibits you plan to introduce into evidence

or upon which you intended to reply in your defense or use during the depositions, hearings and

trial in this action, including in your answer the full name and address of the person who has the

care, custody or control of each exhibit.

**ANSWER:**


15.     Please list all treatises, textbooks or other authority to be introduced or otherwise

used during the depositions, hearing and trial in this action, including in your answer a list of the

specific pages of such publications which will be relied upon for your defense or in the

examination or cross-examination of any witnesses.

**ANSWER:**


16.     Please describe the relationship between West Chester Medical Center and

Abubakar Atiq Durrani, M.D., during the Applicable Dates.

**ANSWER:**


17.     Please state whether any meeting were held by West Chester Medical Center, or in

which it participated, at which any aspect of the care and/or treatment of Macy Martin was

discussed, and, if so, the date and place the meeting was held, the purpose for which it was held, and the name, address, position and capacity of each person present.

**ANSWER:**

18.     Please state whether any meetings were held by West Chester Medical Center, or in which it participated, at which any aspect of the care provided by Dr. Durrani to any patient was discussed, and, if so, the date and place the meeting was held, the purpose for which it was held, and the name, address, position and capacity of each person present.

**ANSWER:**

19.     Please state whether any meetings were held by West Chester Medical Center, or in which it participated, at which the West Chester Medical Center's relationship with Dr. Durrani was discussed (including without limitation whether to revoke his privileges, whether to discontinue West Chester Medical Center's relationship Dr. Durrani, whether to discipline, reprimand or counsel Dr. Durrani in any way, and, if so, the date and place the meeting was held, the purpose for which it was held, and the name, address, position and capacity of each person present.

**ANSWER:**

20.     Please state whether Dr. Durrani's treatment of Macy Martin or any other patient was the subject of any peer review, grand rounds, morbidity and mortality report, Root Cause Analysis, Sentinel Event or quality review, management and/or assurance meetings, conferences or discussions, and if so please state:

A. The name, address and title of each person who participated in or assisted those

reports, meetings, conferences or discussions;

B. The date on which each such meeting, conference or discussion occurred;

C. Whether there are any documents (including emails and electronically stored

information) that recorded or otherwise memorialized those meetings, conferences or

discussions; and

D. The name, address and title of all persons who are in possession of those documents.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce copies of the declaration sheets of any insurance policy(ies) identified in your response to Interrogatory No. 12 that would cover potential liability.

**RESPONSE:**

2.    Please produce copies of all files, records, reports, notes, logs and/or similar materials, that have been made or kept by West Chester Medical Center, its employees, agents and/or servants in connection with the care and treatment procedures of Macy Martin, including but not limited to those contained in Macy Martin's medical records and/or medical chart maintained by West Chester Medical Center, its agents and/or employees.

**RESPONSE:**

3.    Please produce copies of all exhibits that you will introduce or otherwise use during the depositions, hearings and trial of this action.

**RESPONSE:**

4.    Please provide copies of any written reports of experts that you intend to call at trial and also a copy of the C.V. of each such expert.

**RESPONSE:**

5.    Please provide copies of all treatises, textbooks, articles or other documents identified in your response to Interrogatory No. 15.

**RESPONSE:**

6. Please produce any and all documents concerning or supporting your contention that other persons or entities caused or contributed to the injuries of Macy Martin, as referred to in Interrogatory No. 8.

**RESPONSE:**

7. Please produce copies of all guidelines, including but not limited to rules, bylaws, instructions, standing orders, clinical pathways, care plans, protocols, policies and/or procedures, and/or similar documents of West Chester Medical Center as set forth in Interrogatory No. 10.

**RESPONSE:**

8. Please produce any and all agreements, contracts and/or documents between West Chester Medical Center and Abubakar Atiq Durrani, M.D.

**RESPONSE:**

9. Please produce any and all agreements, contracts and/or documents between West Chester Medical Center and UC Health.

**RESPONSE:**

10. Produce complete, legible copies of any and all reports, emails, correspondence, minutes, exhibits, documents, photographs, statements, data, transcripts, incident report or other investigative reports of any kind in any form, relating in any way to any review, assessment or investigation made with respect to and/or pertaining to the treatment and care of Macy Martin by West Chester Medical Center and/or UC Health and Dr. Durrani.

**RESPONSE:**

11.    Produce complete, legible copies of any and all reports, emails, correspondence,

minutes, exhibits, documents, photographs, statements, data, transcripts, incident reports or other

investigative reports of any kind in any form, relating in any way to any review, assessment or

investigation made with respect to and/or pertaining to the treatment and care provided by Dr.

Durrani to any patients at West Chester Medical Center.

**RESPONSE:**

12.    Produce complete, legible copies of any and all reports, emails, correspondence,

minutes, exhibits, documents, photographs, statements, data, transcripts, incident reports or other

investigative reports of any kind in any form, relating in any way to West Chester Medical

Center's credentialing of Dr. Durrani, including without limitation his entire credentials file,

personnel file and similar human resources file.

**RESPONSE:**

13.    Please provide a complete and certified copy of the medical record for Macy Martin at

West Chester Medical Center.

**RESPONSE:**

14.    Please provide a complete copy of the audit trail for the medical record of Macy

Martin for treatment on the Applicable Dates, including without limitation, information as to

who accessed those records, when and whether modifications were made.

**RESPONSE:**


15.    Please provide a complete copy of the medical bills for treatment to Macy Martin.

**RESPONSE:**


16.    Please provide all documents related to complaints to you concerning Dr. Durrani's

medical care or other conduct at West Chester Medical Center, including internal complaints.

**RESPONSE:**


17.    Produce all documents identified, referenced or relied upon in answering the foregoing

Interrogatories.

**RESPONSE:**


Respectfully submitted,


Paul J. Schachter KBA No. 61750
Schachter, Hendy & Johnson, PSC
909 Wright's Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: pschachter@pschachter.com

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
_____ III _____ DIVISION
CASE NO: 14 - CI -530



FILED
BOONE CIRCUIT/DISTRICT COURT
APR 0 3 2014
DIANNE MURRAY, CLERK
BY: _____ J.N. _____ D.C.

MACY MARTIN                                                    PLAINTIFF
2430 Ohio Avenue, Apt. 309
Cincinnati, OH 45219

vs.                    **COMPLAINT WITH JURY DEMAND**

ABUBAKAR AITQ DURRANI, M.D.                                   DEFENDANTS

[CONSTRUCTIVE SERVICE VIA WARNING ORDER,
AFFIDAVIT ATTACHED]

And

CENTER FOR ADVANCED SPINE
TECHNOLOGIES, INC.

[SERVE VIA CERTIFIED MAIL]
Gregory A. Bacon, Registered Agent
6905 Burlington Pike
Florence, KY 41042
(Serve via Certified Mail)

And

UC HEALTH, INC.

[SERVE VIA CERTIFIED MAIL]
GH&R Business Services, Inc.
511 Walnut Street
1900 Fifth Third Center
Cincinnati, OH 45202

And

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION
CASE NO: ___14 - CI -530___

FILED
BOONE CIRCUIT/DISTRICT COURT
APR 03 2014
DIANNE MURRAY, CLERK
BY:_____ D.C.

MACY MARTIN                                                    PLAINTIFF
2430 Ohio Avenue, Apt. 309
Cincinnati, OH 45219

vs.                      **COMPLAINT WITH JURY DEMAND**

ABUBAKAR AITQ DURRANI, M.D.                                    DEFENDANTS

[CONSTRUCTIVE SERVICE VIA WARNING ORDER,
AFFIDAVIT ATTACHED]

And

CENTER FOR ADVANCED SPINE
TECHNOLOGIES, INC.

[SERVE VIA CERTIFIED MAIL]
Gregory A. Bacon, Registered Agent
6905 Burlington Pike
Florence, KY 41042
(Serve via Certified Mail)

And

UC HEALTH, INC.

[SERVE VIA CERTIFIED MAIL]
GH&R Business Services, Inc.
511 Walnut Street
1900 Fifth Third Center
Cincinnati, OH 45202

And

WEST CHESTER HOSPITAL

[SERVE VIA CERTIFIED MAIL]
GH&R Business Services, Inc.
511 Walnut Street
1900 Fifth Third Center
Cincinnati, OH 45202

## COMPLAINT

1.      At all times relevant, Plaintiff Macy Martin was a resident of and domiciled in

Boone County, Kentucky.

2.      At all times relevant, Defendant Dr. Abubakar Durrani was licensed to and did in

fact practice medicine in the Commonwealth of Kentucky. Defendant Durrani established a

physician-patient relationship with Macy Martin in his office in Florence, Boone County,

Kentucky, regularly saw and treated her there, conferred with her there, concerning the

procedures he recommended to be performed on her at West Chester Hospital, and there

committed medical negligence, breach of informed consent, fraud, and other wrongful acts upon

her, as will be further alleged.

3.      At all times relevant, Defendant CAST was licensed to and did in fact perform

medical services in the Commonwealth of Kentucky, and was and is a corporation authorized to

transact business in the Commonwealth of Kentucky (Organization No. 0869890) according to

the records of the Kentucky Secretary of State.

4.      At all times relevant, Defendant UC Health was and is a corporation registered to

do business in the Commonwealth of Kentucky (Organization No. 0847328) according to the

records of the Kentucky Secretary of State, which included, owned, operated and/or managed

multiple hospitals, including, but not limited to Defendant, West Chester Hospital, and which

shared certain services, profits, and liabilities of hospitals including Defendant, West Chester Hospital.

5.     At all times relevant, Defendant West Chester Hospital was, first a professional corporation known as West Chester Medical Center, and then a limited liability company known as West Chester Hospital, LLC, operated and/or managed by Defendant, UC Health, and was authorized to transact business and perform medical services in the State of Ohio. Since at least August 6, 2010, it has been operating under the trade name West Chester Hospital. Defendant West Chester Hospital has regularly availed itself of Boone County courts for collection of charges from patients.

6.     Defendant UC Health has significant healthcare operations in the Commonwealth of Kentucky and in Boone County in particular, has had medical offices in Florence, Boone County, Kentucky, for several years, is now constructing a large medical facility in Boone County, and has regularly availed itself of Boone County courts for collection of charges from patients.

7.     At all relevant times, Defendant UC Health extensively advertised its services to Kentucky residents, including to residents of Boone County.

8.     At all relevant times, Defendant West Chester Hospital held itself out to the public, and specifically to Macy Martin, as a hospital providing competent and qualified medical and nursing services, care and treatment by and through its physicians, physicians in training, residents, nurses, agents, ostensible agents, servants and/or employees.

9.     The amount in controversy exceeds the jurisdictional requirements of the Boone Circuit Court.

## FACTUAL ALLEGATIONS

10.     In 2011, Macy Martin sought treatment for neck pain from Defendant, Durrani, at his office facilities in Boone County, Kentucky.

11.     At all relevant times herein, Dr. Durrani held himself out as a leading spine physician and surgeon.

12.     Dr. Durrani told Macy Martin that she needed surgery and that he could "fix" her, that he could "do things that other doctors could not do," and that "no other doctor around here can do this surgery."

13.     On 3/26/2012, Defendant Durrani performed surgery on Macy Martin, which was purportedly at West Chester Hospital in West Chester, Ohio.

14.     The purported posterior spinal fusion with screw fixation was not medically necessary and was later removed by spinal surgeon, Dr. William Tobler.

15.     During the surgery to remove the hardware, performed by Dr. Tobler on 12/20/2013, he found the Durrani surgery performed in a technically poor manner and the hardware to be loose.

16.     Plaintiff continued treating with Dr. Durrani through July 2013, when she learned that he was arrested for Medicare fraud. As of her last visit he was recommending giving his surgery more time to accomplish its goal, and told Plaintiff that everything "looked good."

17.     That Defendant Durrani, a resident of the State of Ohio at the time of the events alleged herein, has fled the jurisdiction and currently resides at an unknown address in the Country of Pakistan.

## COUNT I – NEGLIGENCE
## DEFENDANT (DURRANI AND CAST)

18.    Plaintiff incorporates by reference each and every allegation in the paragraphs above.

19.    Defendant Durrani and CAST owed Plaintiff the duty to exercise the degree of skill, care and diligence that a reasonably competent and prudent physician and health-care provider would have exercised under like or similar circumstances.

20.    Defendants breached these duties by failing to exercise the requisite degree of skill, care, and diligence that ordinary competent and prudent health care providers, specialists, and surgeons would have exercised under the same or similar circumstances through, among other things, negligent surgery, improper diagnosis, and medical mismanagement of Plaintiff, including but not limited to unnecessary surgery, failed surgery, improper performance of surgery, and improper follow-up care addressing the patient's concerns.

21.    At all relevant times herein, Defendant Durrani was an employee of Defendant CAST and formed services on Plaintiff within the scope of that employment such that CAST is vicariously liable for all his conduct.

22.    The aforementioned acts and omissions by the Defendants were the direct and proximate cause of and substantial factors in causing Plaintiff to sustain severe and grievous injuries, prolonged pain and suffering, emotional distress, discomfort, loss of enjoyment of life, loss of time and wages, permanent impairment of ability to earn income, loss of the ability to perform usual and customary activities, and substantial medical expenses and treatment. These damages will continue on into the future indefinitely.

## COUNT II – NEGLIGENCE
## (WEST CHESTER HOSPITAL AND UC HEALTH)

23.    Plaintiff incorporates by reference each and every allegation in the paragraphs above.

24.    Defendants UC Health and West Chester Hospital were responsible for the hiring, credentialing, granting of staff privileges, screening over and conduct of its residents, physicians, nurses and those physicians with privileged at West Chester Hospital.

25.    Defendants UC Health and West Chester Hospital were in a unique position to control monitor and oversee the conduct of its staff physicians, including Defendant Durrani.

26.    Defendants West Chester Hospital and UC Health owed Plaintiff the duty to exercise the degree of skill, care, and diligence a reasonably competent and prudent health-care provider would have exercised under like or similar circumstances including the duty to reasonably credential, grant privileges to and monitor its medical staff.

27.    The Defendants, West Chester Hospital and UC Health, did so negligently credential, grant privileges to, and monitor Defendant Durrani such that he was permitted to perform the aforementioned surgery on Plaintiff, causing her severe injury, prolonged pain and suffering emotional distress, discomfort, loss of enjoyment of life, loss of time and wages, permanent impairment of ability to earn income, loss of the ability to perform usual and customary activities, and substantial medical expenses and treatment. These damages will continue on into the future indefinitely.

## COUNT III – BREACH OF DUTY OF FIDELITY
## (DEFENDANT DURRANI)

28.    Plaintiff incorporates, adopts and re-alleges as if fully restated herein, those allegations contained in the above paragraphs.

29.    Defendant, Dr. Durrani, owed Plaintiff the duty of fidelity to act with the utmost good faith and to speak fairly and truthfully, to fully disclose his findings on examination and the opinions he held, to inform her of the diagnosis and the known risks or dangers inherent therein so that she could make an intelligent decision regarding the course of treatment, and if her ailment was beyond said Defendant's knowledge, ability or capacity to treat with reasonable success, he had a duty to disclose the situation to Plaintiff and to advise her to consult another specialist.

30.    Defendant Durrani breached these duties by failing to act with the utmost good faith and to speak fairly and truthfully to Plaintiff, making material misrepresentation to her about his abilities and the need for and nature of the surgical procedures he was intending to perform, failing to fully disclose his findings on examination and the opinions he held with regard to Plaintiff's condition, failing to inform her of the accurate and true diagnosis and the known risks or dangers inherent therein so that she could make an intelligent decision regarding the course of treatment and failing to advise her of his conflict of interest.

31.    The aforementioned acts and omissions by Defendant Durrani were the direct and proximate cause of and were substantial factors in causing Plaintiff to sustain severe and grievous injuries, prolonged pain and suffering, emotional distress, discomfort, loss of enjoyment of life, loss of time and wages, permanent impairment of ability to earn income, loss of the ability to perform usual and customary activities, and substantial medical expenses and treatment. These damages will continue on into the future indefinitely.

## COUNT IV – LACK OF INFORMED CONSENT
### (DEFENDANT DURRANI, UC HEALTH AND WEST CHESTER HOSPITAL)

32.     Plaintiff incorporates, adopts and re-alleges as if fully restated herein, those allegations contained in the above paragraphs.

33.     As set forth in KRS 304.40-320 and the common law of Kentucky, Defendant Durrani had a duty to obtain informed consent from Plaintiff prior to rendering medical treatment to her.

34.     This duty included that Defendant provide such information to Plaintiff that a reasonable individual, from the information provided by the health care provider under the circumstances, would have a general understanding of the procedure to be performed and medically acceptable alternative procedures or treatments, and the substantial risks and hazards inherent in the proposed treatment or procedures which are recognized among other health-care providers who perform similar treatment or procedures.

35.     Defendant Durrani failed to obtain informed consent by failing to provide Plaintiff with information such that she would have a general understanding of the procedures that he performed on her, medically acceptable alternatives, and the substantial risks and hazards of the treatments and procedures, that are recognized among the medical community.

36.     West Chester Hospital did not obtain Plaintiff's informed consent to the same procedures.

37.     Plaintiff would not have agreed to the surgeries if she knew that the surgeries were not medically necessary.

38.     Defendant Durrani, UC Health and West Chester Hospital's breach of informed consent were the direct and proximate cause of and were a substantial factor in causing Plaintiff

to sustain several and grievous injuries, prolonged pain and suffering, emotional distress,

discomfort, loss of enjoyment of life, loss of the ability to perform usual and customary activities,

loss of time and wages, permanent impairment of ability to earn income, and substantial medical

expenses and treatment.

## COUNT V – FRAUD
## (ALL DEFENDANTS)

39.     Plaintiff incorporates by reference each and every allegation in the paragraphs

above.

40.     Defendant Durrani, CAST, West Chester Hospital and UC Health made material,

false representations related to Plaintiff's treatment including: stating the surgeries were

necessary, that Defendant Durrani "could fix" Plaintiff, that more conservative treatment was

unnecessary and futile, that Plaintiff would suffer adverse consequences if she did not have the

surgeries, that the procedures were medically necessary and that the surgeries were successful.

41.     Defendant Durrani, CAST, West Chester Hospital and UC Health also

fraudulently concealed and failed to disclose hidden and material facts, where the circumstances

set forth herein placed an obligation on Defendant Durrani, CAST, West Chester Hospital and

UC Health to make such disclosures. The fraudulent concealment and failures to disclose

include without limitation, failing to act with the utmost good faith and to speak fairly and

truthfully to Plaintiff, failing to fully disclose their findings on examination and the opinions they

held with regard to Plaintiff's condition, failing to inform Plaintiff of the accurate and true

diagnosis and the known risks or dangers inherent therein so that she could make an intelligent

decision regarding the course of treatment, failing to disclose the lack of medical necessity of

procedures Defendant Durrani performed on her at West Chester Hospital and failing to disclose

to Plaintiff that Defendant Durrani was habitually performing unnecessary surgery and that his billing practices were fraudulent.

42.    Defendant Durrani, CAST, West Chester Hospital and UC Health knew, or should have known, that his medical and surgical opinions were false, and/or included misrepresentations with utter disregard and recklessness as to their truth or falsity. Defendant Durrani, CAST, West Chester Hospital and UC Health further knew of the concealed facts and knew of their obligation to disclose material facts, yet they chose not to make such disclosures or were recklessly indifferent as to making those disclosures.

43.    Defendant Durrani manipulated his diagnosis and the medical test to recommend surgery that he knew was not indicated. Defendant Durrani was operating a scam in which he would receive referrals through the facility and the medical community and perform those surgeries on whomever his patients were regardless of medical need, all of which was known, or should have been known by all Defendants.

44.    Defendants Durrani, CAST, West Chester Hospital and UC Health made the misrepresentations, concealments and failures to disclose both before and after the surgeries with the intent of misleading Plaintiff into reliance upon them. Specifically, the misrepresentations were made to induce payment for the surgeries performed by Defendant Durrani and to induce Plaintiff to undergo the surgeries without regard to medical need.

45.    Plaintiff did in fact rely and was justified in her reliance on the misrepresentations, concealments and failures to disclose because a patient has a right to trust their physician, and that the facility is overseeing the physician to ensure the patients of that facility that the physician is competent and trustworthy. Plaintiff relied on the facility's holding Defendant Durrani out as a surgeon and allowing him to perform surgeries at their health-care

facility as assurance that the facility was overseeing Defendant Durrani and vouching for his surgical abilities. The facility expected this reliance and requires patients to trust the facility to only allow surgeons who are competent and trustworthy to perform surgeries there.

46. Defendant Durrani's scheme required the cooperation, either through complicity or through affirmative support, of the facilities at which he operated; they either had to turn a blind eye to what was happening or take steps to support it, otherwise it would have been impossible for Defendant Durrani to perpetrate the wrongful acts he committed on Plaintiff.

47. The fraud of Defendant Durrani, CAST, West Chester Hospital and UC Health set forth in the preceding paragraphs was the direct and proximate cause of and a substantial factor in causing Plaintiff to undergo unnecessary and negligently performed surgeries and in causing her to suffer severe and grievous injuries, paralysis, new and different pain, prolonged pain and suffering, emotional distress, discomfort, loss of enjoyment of life, loss of ability to perform usual and customary activities, loss of time and wages, permanent impairment of ability to earn income, and substantial medical expense and treatment. These damages are continuing into the future indefinitely.

## COUNT VI – CIVIL CONSPIRACY / JOINT VENTURE
### (DEFENDANTS DURRANI, CAST, WEST CHESTER HOSPITAL AND UC HEALTH)

48. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

49. Defendants Durrani, CAST, West Chester Hospital and UC Health tacitly, implicitly, and/or expressly entered into an unlawful or corrupt combination, or agreement to do by concerted action, the wrongful acts alleged herein by providing the financial support, control,

medical facilities, medical devices, hardware, and products, billing and insurance payment support, staff support, medicines and tangible items for use on patients, including Plaintiff.

50.    Defendants Durrani, CAST, West Chester Hospital and UC Health profited from such wrongful conduct at the expense and to the harm of Plaintiff.

51.    Defendants Durrani, CAST, West Chester Hospital and UC Health's acts and omissions were the direct and proximate cause and substantial factors in causing Plaintiff to sustain severe and grievous injuries, prolonged pain and suffering, emotional distress, discomfort, loss of enjoyment of life, loss of the ability to perform usual and customary activities, loss of time and wages, permanent impairment of ability to earn income, and substantial medical expenses and treatment. These damages will continue on into the future indefinitely.

## COUNT VII – PUNITIVE DAMAGES
## (ALL DEFENDANTS)

52.    Plaintiff incorporates by reference each and every allegation in the paragraphs above.

53.    The conduct of Defendants Durrani, CAST, West Chester Hospital and UC Health referenced above constitutes oppression, fraud, malice, reckless indifference, wanton conduct and/or gross negligence sufficient to warrant the imposition of punitive damages under Kentucky law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Macy Martin, demands judgment against Defendant Durrani,

CAST, West Chester Hospital and UC Health on all claims and specifically requests a Judgment

awarding the following damages:

1. Past medical bills;

2. Future medical bills;

3. Lost wages, income and benefits;

4. Lost future wages, income and benefits;

5. Impairment of ability to earn income;

6. Past pain and suffering;

7. Future pain and suffering;

8. All incidental costs and expenses incurred as a result of their injuries;

9. Punitive damages;

10. Costs;

11. Attorney's fees;

12. Interest;

13. Trial by jury on all claims;

14. For the Appointment of a Warning Order Attorney pursuant to KRCP 4.05 and 4.06.;

    and

15. Any and all other relief to which they are entitled.

Respectfully submitted,

Paul J. Schachter
Schachter, Hendy & Johnson, PSC
909 Wright's Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: pschachter@pschachter.com